UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COURTNEY SCAFIDI,**

    **Plaintiff,**

v.                            **CASE NO.:  8:22-cv-2772-VMC-TGW**

**B. BRAUN MEDICAL INC.,**

    **Defendant.**
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant's Opposition (Doc. 69) confirms that the Court should grant Plaintiff's Motion for Partial Summary Judgment (Doc. 60) based on four independent reasons.

**_First_**, contrary to Defendant's Opposition, the undisputed record evidence demonstrates Plaintiff has easily established her prima facie case. Surprisingly, Defendant's Opposition opens by disputing Plaintiff can satisfy the first element of her prima facie case, something it never challenged before. (*See* Doc. 54-2, p. 4, #2). Equitable estoppel warrants rejection by the Court of Defendant's admit-then-deny-now strategy. But so does the complete lack of evidence presented by Defendant to dispute the evidence cited in Plaintiff's Motion as to her sincerely held religious beliefs.

**_Second_**, Defendant's Opposition also fails because it asks this Court to ignore legions of decisions holding that Title VII requires employers, like Defendant here, must engage in the interactive process after receiving a request for a religious accommodation from an employee. In fact, Defendant brazenly claims Plaintiff "cites no authority" for this proposition, and then provides this Court with a cite to an easily distinguishable district court case from Washington. (Doc. 69, pp. 11-12). But, as explained below, more than two decades ago the Tenth Circuit Court of Appeals declared that Title VII's "statutory and regulatory framework, like the statutory and regulatory framework of the [ADA], involves an interactive process that requires participation by both the employer and the employee." *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir.

1

2000). Many district courts have since followed *Thomas*, or reached the same holding. This Court should do the same.

**_Third_**, by ignoring the undisputed record evidence, Defendant's Opposition argues that "Scafidi is also not entitled to summary judgment on the failure to accommodate claim because B. Braun offered her an accommodation." (Doc. 69, pp. 12-13). Defendant is wrong. In reality, Defendant's entire purported accommodation process, as outlined in its September 10, 2021, FAQs, was a facade. Not only that, Defendant decided prior to eliciting accommodation requests from its employees that it would deny any request submitted (which is exactly what happened to Plaintiff). Although Defendant stated it would engage in an interactive process regarding accommodation requests, no such process took place.

**_Fourth_**, and finally, Defendant's Opposition argues (*see* Doc. 69, pp. 14-20) it has somehow carried its exceedingly heavy burden demonstrating that granting Plaintiff an accommodation would have caused Defendant to suffer undue hardship. But once again, Defendant is wrong. Notably, Defendant's Opposition fails to proffer even a modicum of evidence demonstrating that Plaintiff was ever unable to visit a single facility in her sales territory due to her vaccine accommodation request. Defendant also failed to show that Plaintiff would not have gotten exemptions from any of her facilities. Several of the large hospital systems with multiple facilities approved Plaintiff's exemption request prior to her termination. (Doc. 70-6; 70-7; Scafidi, p. 86, lines 1-25; p. 87, lines 1-7).

2

Defendant failed to do the cost analysis required by Title VII and the FCRA before denying Plaintiff's request for a religious accommodation. Defendant rejected Plaintiff's accommodation request without any examination of Plaintiff's individual situation and circumstances. Defendant cannot meet its heavy burden to establish an undue hardship under *Groff*. For these reasons, Plaintiff respectfully asks that this Honorable Court grant her Motion.

I. **Plaintiff Established a *Prima Facie* case.**

Defendant's Opposition opens by arguing, "Scafidi cannot establish a prima facie case. Scafidi contends that, because B. Braun did not challenge the sincerity of her beliefs during her employment, that her beliefs were—in fact—sincere and bona fide religious belief that conflicted with the vaccine policy. (See Dkt. 54, at p. 15, citing Defendant's Response to First Request for Admission, No. 2). In other words, Scafidi argues that this element of her prima facie case should just be presumed." (Doc. 69, p. 10). So, while Defendant admits to never challenging Plaintiff's sincerely held religious beliefs during her employment, now, when faced with the prospect of a liability finding by the Court against it, Defendant has decided to do so. But it is too late. Principles of equitable estoppel prohibit a last-minute change of an opponent's defense. *See, e.g., Fed. Deposit Ins. Corp. v. Harrison,* 735 F.2d 408, 410 (11th Cir. 1984) (equitable estoppel prevents a party from asserting a claim or defense where another party has detrimentally relied on the position). As a result, Defendant is estopped from challenging the first element of Plaintiff's prima facie case.

More importantly, however, Defendant's Opposition fails to present any evidence whatsoever disputing the mountain of evidence Plaintiff presented to the Court demonstrating the sincerity of her religiously held beliefs, including: (1) her own sworn deposition testimony (*e.g.*, Scafidi p. 20, lines 12-17; p. 39, lines 12-25; p. 40, lines 1-9; p.48, lines 15-22; (2) a sworn affidavit from her pastor (*see* Doc. 70-22); and, (3) a subsequent request for religious accommodation from her current employer (*see* Doc. 70-23).  Because of the complete lack of evidence to support Defendant's position on this first issue, no disputed issue of material fact exist precluding summary judgment in Plaintiff's favor on her prima facie case.

## II. Title VII Requires Employers Engage in an Interactive Process.

Next, Defendant's opposition argues, "[m]oreover, Scafidi cites to no authority that B. Braun had a duty to engage in an interactive process as it relates to her religious accommodation request under Title VII.  Scafidi would implicitly have this Court impose the interactive process found within the Americans with Disabilities Act onto the Title VII accommodation process, which is not appropriate or supported by law." (Doc. 69, p. 11).  However, courts throughout the country—including at least one federal appellate court—have expressly rejected this argument by Defendant.  This Court should do the same.

For example, in *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000), the Tenth Circuit held that Title VII contemplates an interactive process for religious accommodation. Similarly, in *EEOC v. AutoNation USA Corp.*, 52 F. App'x 327, 329 (9th Cir. 2002), the Ninth Circuit concluded an

employee "short-circuited the interactive process required by Title VI." Likewise, in *Jamil v. Sessions*, No. 14-CV-2355-PKC-RLM, 2017 WL 913601, at *10 (E.D.N.Y. Mar. 6, 2017), the court explained that "[t]he process of finding a reasonable accommodation is 'intended to be an interactive process in which both the employer and employee participate." Finally, in *Kenner v. Domtar Indus., Inc.*, No. 04-CV-4021, 2006 WL 662466, at *1 (W.D. Ark. Mar. 13, 2006), the court explaining that "Title VII's reasonable accommodation provisions contemplate an interactive process." This Court should follow *Thomas* and the cases cited above.

Defendant's Opposition ignores these cases completely. Instead, Defendant's Opposition relies on *Bube v. Aspirus Hosp., Inc.*, 2023 WL 6037655, at *5 (W.D. Wis. Sept. 15, 2023), a case that is easily distinguishable. Unlike here, the plaintiff *Bube* was given two opportunities (the request for an exemption and the appeal) to explain to her employer why the vaccine was inconsistent with their religious beliefs, but she failed to do so. Thus, the *Bube* court granted the employer's motion to dismiss[1] because the *Bube* plaintiff could not plausibly state a claim. Here, the opposite is true. In this case the record is replete with evidence documenting and demonstrating the veracity of Plaintiff's sincerely held religious beliefs, and exactly why she needed an exemption[2] to Defendant's vaccine mandate in the form of a religious accommodation. Thus, Plaintiff did in this case what the

---

[1] *Bube* is also procedurally inapposite because it was decided at the motion to dismiss stage, rather than at the summary judgment stage.

[2] Defendant's Motion makes much of Plaintiff's purported conflation and/or interchanging of the word "exemption" and "accommodation." To be clear, Plaintiff sought a religious accommodation in the form of an exemption from Defendant's vaccine mandate.

5

*Bube* plaintiff failed to do.  *Bube* does nothing to help Defendant.

### III. **Defendant Failed to Offer Plaintiff a Reasonable Accommodation.**

Next, Defendant argues "Scafidi is also not entitled to summary judgment on the failure to accommodate claim because B. Braun offered her an accommodation." (Doc. 69, p. 12).  To further support this argument, Defendant posits, "The undisputed testimony is B. Braun offered Scafidi and all customer-facing employees an accommodation of transfer to a non-customer facing position, even if the exemption was denied. [Dkt. 59, 77:16-79:11; Pl. 101:23-104:20]."

But that is not what happened.  Defendant failed to offer Plaintiff a reasonable accommodation.  Instead, Defendant buried a single sentence in its FAQs merely stating employees denied an accommodation could apply for a different job, treating them no different than any other job applicant. Defendant did nothing to assist Plaintiff obtain a different job. Defendant never discussed a transfer or open positions with Plaintiff, nor engaged in any kind of process to assist her. Instead, Defendant's entire supposed accommodation process, as outlined in its September 10, 2021, FAQs, was a facade.  In fact, Defendant decided prior to eliciting accommodation requests from its employees that it would deny any request submitted.  Although Defendant stated it would engage in an interactive process regarding accommodation requests, no such process took place.  The complete absence of process cannot possibly demonstrate the existence of a reasonable accommodation offered to Plaintiff by Defendant.

## IV. Defendant Cannot Carry its Burden Demonstrating Undue Hardship.[3]

The Supreme Court's recent decision in *Groff* makes the burden Defendant must carry to establish "undue hardship" to0 heavy for it to bear.  As a threshold matter, Defendant's Opposition fails to proffer any evidence demonstrating that Plaintiff was unable to visit a single facility in her sales territory due to her vaccine accommodation request.  Defendant also failed to produce a single document that discusses costs associated with Plaintiff's accommodation requests.  And it cannot—because they do not exist. Defendant failed to do the cost analysis required by Title VII and the FCRA. Mr. Grispo did not know which hospital customers required the vaccine the day before Defendant implemented its vaccine mandate. (Doc. 70-2). Ms. Lutseo made it clear to him that many customer hospitals allowed exemptions. *Id.* Further, in its form denial letter, Defendant generally claims undue hardship if it were to grant a religious accommodation without any independent factual basis for such claims. Defendant rejected Plaintiff's accommodation request without a thorough (or any) examination of Plaintiff's individual circumstances. Defendant cannot meet its heavy burden, particularly under *Groff*, necessary to establish undue burden.[4]

---

[3] Finally, for reasons that are unclear to Plaintiff, Defendant's Motion (near the end at Doc. 69, pp. 18-20), erroneously complains that "Scafidi...[] seeks summary judgment for religious discrimination under a theory of disparate treatment purportedly distinct from her failure to accommodate claim.....The Eleventh Circuit's customary approach is to review failure to accommodate and disparate treatment claims together.  Scafidi has not articulated any basis to depart from this approach." (Doc. 69, p. 18) (Internal citations omitted).  Plaintiff is not asking to depart from this approach.  Plaintiff agrees that her failure to accommodate and disparate treatment claims should be reviewed together.

[4] *See Hebrew v. Texas Dep't of Criminal Justice*, 80 F.4th 717, 723 (5th Cir. 2023).

Dated this 21st day of November, 2023.

        Respectfully submitted,

        */s/ Luis A. Cabassa*

        **LUIS A. CABASSA**
        Florida Bar Number: 0053643
        Direct No.: 813-337-379-2565
        **SAWYER N. FRESCOLN**
        Florida Bar Number: 1034987
        Direct No.: 813-337-7993
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Ave., Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: sfescoln@wfclaw.com
        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of November, 2023, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system. I further certify that a true and correct copy of the foregoing document will be served with the Complaint.

        */s/ Luis A. Cabassa*

        **LUIS A. CABASSA**