UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COURTNEY SCAFIDI,

    Plaintiff,

v.                                   Case No. 8:22-cv-2772-VMC-TGW

B. BRAUN MEDICAL, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant B. Braun Medical, Inc.'s Omnibus Motion in Limine (Doc. # 76), filed on December 19, 2023. Plaintiff Courtney Scafidi responded on January 9, 2024. (Doc. # 79). For the reasons that follow, the Motion is granted in part and denied in part.

## I. Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's

1

position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the

2

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that

3

turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

**II. Discussion**

In its Motion, Braun seeks to exclude nine categories of evidence. The Court will address the various categories separately.

    **A.   Categories Seven through Nine**

As a preliminary matter, Scafidi does not oppose the Motion as to categories seven through nine because she "will not seek to introduce evidence on those topics at trial." (Doc. # 79 at 1).

Thus, the Motion is granted as unopposed for the following categories of evidence:

> 7. Testimony of Plaintiff's pastor and parents regarding any documents or notes prepared concerning any counsel they provided Plaintiff;
>
> 8. Evidence and argument related to Plaintiff's causes of action for retaliation; and
>
> 9. Evidence about the existence of liability insurance.

(Doc. # 76 at 2).

4

### B. Vestal Recorded Video Conversation

Braun seeks to exclude a video "showing a conversation between [Braun employee] Ms. Juliet Vestal and a non-customer facing employee." (Id. at 3). According to Braun, this video should be excluded because it "(a) was unlawfully recorded under Pennsylvania law, (b) is not relevant under Federal Rule of Evidence 401, and (c) its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury under Rule 403." (Id. at 4).

While there is a factual dispute as to whether the video was lawfully recorded, the Court agrees with Braun that exclusion of the video is proper. The video — which was recorded after Scafidi's termination — is irrelevant to the issues in this case, given that Ms. Vestal was discussing religious accommodations with a non-customer-facing employee. (Id. at 4-6). Scafidi, however, was a customer-facing employee who traveled to hospitals and other medical facilities as part of her work. As such, she was subject to Braun's vaccine policy for customer-facing employees — not its policy for non-customer-facing employees. Thus, the video sheds no light on whether Braun offered Scafidi a reasonable accommodation or whether giving Scafidi a blanket exemption

from the vaccine requirement for customer-facing employees would have been an undue hardship. Furthermore, even if the video had arguable relevance, there is a high risk that it would confuse or mislead the jury about the issues in this case such that the video is due to be excluded under Rule 403.

The Motion is granted as to the video.

C. **Scafidi's Job Performance**

Next, Braun seeks to exclude any evidence or testimony about Scafidi's "favorable job performance" from trial as irrelevant and a waste of time. (Id. at 7).

The evidence of Scafidi's job performance appears largely irrelevant to the claims of religious discrimination given that Braun has already admitted that Scafidi's termination was unrelated to her job performance. (Id.). Indeed, during her deposition, Scafidi also acknowledged that her termination was unrelated to her performance. (Scafidi Depo. at 74:1-3). Thus, evidence about Scafidi's job performance does nothing to establish any of the issues in this case, such as whether Scafidi had a sincerely held religious belief that conflicted with the vaccine requirement, whether Braun offered Scafidi a reasonable accommodation, or whether Braun would have suffered an undue

6

hardship if it had exempted Scafidi from the vaccine requirement. Furthermore, Scafidi's introduction of significant evidence and testimony on this subject could confuse or mislead the jury as to the actual legal and factual issues to be decided in this case.

Nevertheless, the Court will not exclude this evidence in its entirety at this time. So that she may tell her story during trial, it is reasonable to allow Scafidi to briefly touch upon her job performance while at Braun. However, the Court warns that it will limit such testimony and evidence so that the Court and the jury's time is not wasted. The Motion is denied without prejudice as to this category of evidence.

### D.  Braun's Relative Wealth

Braun also seeks to preclude Scafidi "from submitting evidence or making argument regarding [] Braun's wealth, size, finances, number of employees, or ability to pay." (Doc. # 76 at 9). It argues that its "size, finances, and/or ability to pay is not relevant to the cause of action or defenses and would only be used to prejudice the jury." (Id.).

This request is denied without prejudice. As even Braun acknowledges, Braun's size and wealth are at least minimally relevant to its undue burden defense. (Id.). Furthermore, Scafidi is correct that "the financial size and condition of

7

[Braun] is relevant in proving punitive damages." Lawson v. KFH Indus., Inc., No. 1:09CV609-WHA, 2010 WL 11692214, at *1 (M.D. Ala. Aug. 18, 2010).

Still, the Court is mindful of the potential unfair prejudice that focus on this evidence could create for Braun. "[T]he relative wealth of the parties should not be the focus of the trial, and to the extent [Scafidi] attempt[s] to compare the parties' wealth or size to make a 'David and Goliath' argument, [Braun] may re-raise this objection at trial." Delta T, LLC v. Dan's Fan City, Inc., No. 8:19-cv-1731-VMC-SPF, 2021 WL 2159889, at *3 (M.D. Fla. May 27, 2021) (citation and internal quotation marks omitted); see also McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 WL 4527509, at *3 (M.D. Fla. Oct. 1, 2021) ("Plaintiffs may not make quintessential 'David versus Goliath' arguments, or compare Crown to other corporations such as Enron."), aff'd, No. 21-14005, 2022 WL 4350702 (11th Cir. Sept. 20, 2022).

### E. Other Employees' Allegations of Discrimination

Next, Braun argues that "evidence of other individuals who were denied accommodation requests, some of whom have brought their own lawsuits against [] Braun," should be excluded from trial. (Doc. # 76 at 11). Among other things, Braun insists such "me too" evidence of alleged religious

8

discrimination is irrelevant to Scafidi's claims, presents inadmissible hearsay, will waste limited trial time, and "its admission will confuse the issues, mislead the jury and cause unfair prejudice that outweighs any probative value under Rule 403." (Id. at 12-14). It emphasizes that Scafidi is asserting only claims of religious discrimination; she is not asserting a hostile work environment claim or a pattern and practice-based claim.

"In cases alleging employment discrimination and retaliation, 'me too' evidence involving claims made by other employees may be properly admitted pursuant to Federal Rule of Evidence 404(b) 'to prove the defendant's motive, . . . intent, . . . [or] plan' to discriminate against the plaintiff.'" Hausburg v. McDonough, No. 8:20-cv-2300-JSS, 2024 WL 111994, at *2 (M.D. Fla. Jan. 10, 2024) (quoting Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1286 (11th Cir. 2008)). However, "courts are reluctant to consider 'prior bad acts' in this context where those acts do not relate directly to the plaintiffs." Denney v. City of Albany, 247 F.3d 1172, 1189 (11th Cir. 2001). "Even when 'me too' evidence is relevant under Rule 401, the district court retains the discretion to exclude that evidence, under Rule 403, if it is unduly prejudicial, confusing, misleading, or

9

cumulative." Adams v. Austal, U.S.A., L.L.C., 754 F.3d 1240, 1258 (11th Cir. 2014).

"Determining whether Rule 404(b) or corroborative evidence is admissible is a 'fact-intensive, context-specific inquiry' that 'rests within the sound discretion of the district court[.]'" Hausburg, 2024 WL 111994, at *2 (quoting Adams, 754 F.3d at 1258). "Courts generally admit only that corroborative evidence that 'closely compares' with the circumstances alleged by the plaintiff." Id.

The Court is hesitant to allow admission of "me too" evidence here given its limited relevance and the high risk of undue prejudice and confusing the jury. Nevertheless, the Court denies the Motion without prejudice at this time because it is unclear what witnesses would present this "me too" evidence or whether their experiences closely compare to Scafidi's. At trial, when it becomes clear what evidence Scafidi intends to introduce, Braun may raise its objections again.

**F.   Scafidi's Physical Ailments**

Braun "anticipates that Scafidi will testify that she suffered two 'stroke like type episodes' because of her separation from [] Braun in an attempt to bolster her non-economic damages." (Doc. # 76 at 14). Braun contends that

10

this testimony "should be excluded as inadmissible lay opinion evidence that is unsupported by any medical evidence." (Id.). Indeed, Scafidi testified during her deposition that these episodes had not been diagnosed as a stroke by a doctor. (Scafidi Depo. at 232:24-238:19).

In this case, Scafidi seeks, among other things, compensatory damages for emotional distress. "[A]lthough a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress . . . , the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." Akouri v. State of Fla. Dep't of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005) (citation and internal quotation marks omitted). Scafidi "need not provide expert testimony or abundant corroborating evidence of emotional distress." Ramones v. Experian Info. Sols., LLC, No. 19-62949-CIV, 2021 WL 4050874, at *6 (S.D. Fla. Sept. 4, 2021). Her "testimony alone can be sufficient" to establish emotional distress. Id.

That said, a stroke is not emotional distress. Rather, it is a medical event that requires a medical diagnosis — not merely a plaintiff's speculation that she suffered a stroke. See Wingster v. Head, 318 F. App'x 809, 814 (11th Cir. 2009)

11

(stating that it was "clear that the cause of Haynes's aneurysm was a medical causation issue beyond the scope of a layperson's knowledge that required competent medical testimony"). While Scafidi certainly may testify about any emotional anguish, anxiety, and depression she experienced after her termination, she may not testify that she suffered a stroke or "stroke-like episode." Again, as she admitted in her deposition, the "stroke-like episodes" she suffered have not been medically diagnosed as strokes. Nor does Scafidi have other medical expert testimony to present at trial to that effect.

Thus, the Motion is granted to the extent that Scafidi may not testify that she suffered a stroke or "stroke-like episode." This ruling does not prevent her from testifying as to the emotional distress she experienced.

### G. Opinion Testimony about Braun's Motives

Finally, Braun seeks to exclude "argument and testimony related to non-decision makers' opinions regarding [] Braun's motives for implementing its COVID-19 vaccine policy and its actions towards Scafidi." (Doc. # 76 at 15). Because "such evidence and argument is based on speculation and hearsay and is not based on personal knowledge," Braun argues that such

"testimony would likely confuse and mislead the jury and unfairly prejudice" Braun. (Id.).

Although it is unclear at this time whose testimony Scafidi intends to offer, the Court agrees with Braun that testimony on this subject should be entirely excluded if a witness does not possess personal knowledge. "Co-workers' opinions . . . are generally irrelevant to establish discrimination or any [discriminatory] intent on the part of the employer." Brown v. Progress Energy, No. 8:07-cv-1599-RAL-TGW, 2009 WL 212426, at *5 (M.D. Fla. Jan. 29, 2009), aff'd, 364 F. App'x 556 (11th Cir. 2010). Scafidi may not introduce any lay opinion testimony about Braun's motive or the reason for Scafidi's termination from Braun employees who have no personal knowledge of Braun's decision to terminate Scafidi. See Johnson v. Scotty's, Inc., 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (striking a co-worker's affidavit because the co-worker was "a lay witness giving an opinion, from which she forms on the basis of comments, about management's decision to terminate the Plaintiff" and the co-worker "had no personal knowledge as to the reasons for [Plaintiff's] termination").

The Motion is granted as to this category of evidence, which would essentially be lay speculation about Braun's

13

motives. Such lay speculation is both irrelevant and unduly prejudicial. However, testimony from other Braun employees who do possess personal knowledge of Braun's motives and decision to terminate Scafidi is not excluded.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant B. Braun Medical, Inc.'s Omnibus Motion in Limine (Doc. # 76) is **GRANTED** in part and **DENIED** in part as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of February, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE